**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DOROTTYA NAGY,

      Plaintiff,

v.                                                           Case No. 8:26-cv-58-KKM-TGW

JOSEPH B. EDLOW, Director
of USCIS et al.,

      Defendants.

_____

## <u>ORDER</u>

Plaintiff Dorottya Nagy seeks an order compelling the defendants, who include Joseph Edlow, the Director of United States Citizenship and Immigration Services (USCIS), the Secretary of Homeland Security, the Attorney General, and the United States Attorney for the Middle District of Florida, to "take all appropriate action to adjudicate" her Form I-485 and Form I-360 petitions "without further delay." Compl. (Doc. 1) ¶ 1. The defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. MTD (Doc. 13). Nagy responds in opposition. Resp. (Doc. 14). Because I agree with the defendants that I lack subject matter jurisdiction, I dismiss this action and do not reach the parties' arguments regarding the purported failure to state a claim.

## I.    BACKGROUND

Nagy is a Hungarian citizen who first filed a Form I-485 petition to adjust her immigration status on November 30, 2022. *See* Compl. ¶¶ 11, 14. After suffering "abuse at the hands of her US citizen spouse," Nagy filed a new Form I-485 concurrently with her Form I-360 Violence Against Women Act (VAWA) self-petition on October 23, 2023. *See id.* ¶¶ 13–14. The complaint does not clearly identify its cause or causes of action. *See generally id.* That said, despite representing at times that she brings a single cause of action, *see id.* at 11; Resp. at 3 (describing the complaint as bringing an "unreasonable-delay claim"), Nagy appears to assert a mandamus claim and an Administrative Procedure Act (APA) claim. *See* Compl. ¶¶ 3–4, 20–25. The defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6).

## II.    LEGAL STANDARDS

A defendant may challenge a court's subject-matter jurisdiction at the pleading stage by moving to dismiss under Rule 12(b)(1). See FED. R. CIV. P. 12(b)(1). There are two kinds of Rule 12(b)(1) attacks. Facial attacks "challenge[] whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). In contrast, factual attacks "challenge[] the existence

2

of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* "A district court evaluating a factual attack on subject matter jurisdiction . . . is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation modified).

## III.    ANALYSIS

The defendants bring a facial challenge to Nagy's complaint and contend that I lack subject matter jurisdiction. *See* MTD at 5. I agree.

As a preliminary matter, the defendants also perceive that Nagy's complaint asserts both a mandamus claim and an APA claim. *See generally id.* The defendants argue that I lack subject matter jurisdiction over both claims and put forth specific arguments regarding each claim. *See id.* at 6–18. In response, Nagy contests only the arguments regarding the lack of subject matter jurisdiction over the APA claim. *See* Resp. 3–10. Thus, she has abandoned her mandamus claim and proceeds solely on her APA claim.[1] *See Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1137 (M.D. Fla. 2021); *U.S. ex rel. Osheroff v. Tenet Healthcare Corp.*, No. 09-22253-CIV, 2012 WL 2871264, at *9 (S.D. Fla. July 12, 2012) ("The failure to defend a claim in responding to a motion to dismiss results in the abandonment of that claim."

---

[1] Had Nagy not abandoned her mandamus claim, I would have lacked jurisdiction over it. *See Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 420 (11th Cir. 2009) (per curiam) (noting that 8 U.S.C. § 1252(a)(2)(B)(ii) "explicitly strips the district court of jurisdiction under the mandamus statute").

(citing *Edmondson v. Bd. of Trs. of Univ. of Ala.*, 258 F. App'x 250, 253 (11th Cir. 2007) (per curiam)).

A person who has suffered a legal wrong because of agency action may generally seek judicial review under the APA. *See* 5 U.S.C. § 702. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014) (per curiam). But APA review does not apply when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The questions here are whether judicial review of the pace of adjudication of Nagy's Form I-485 or Form I-360 petitions is precluded.

Title 8, United States Code, Section 1252(a)(2)(B)(ii) strips "jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of

Homeland Security, other than the granting of relief under section 1158(a) of this title."[2]

### A. Form I-485

The defendants argue that 8 U.S.C. § 1255(a) provides discretion to the Secretary of Homeland Security to adjust Nagy's status, thus the jurisdictional bar at § 1252(a)(2)(B)(ii) applies. *See* MTD at 9, 12–14. They are correct. Section 1255(a) provides that "[t]he status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if [the alien meets enumerated requirements]."[3] "In other words, § 1255(a) gives the Department of Homeland Security and USCIS broad discretion to determine and implement the adjudicative process for Form I-485

---

[2] Both grants of authority relevant to Nagy's action, 8 U.S.C. §§ 1154, 1255, are found in the same subchapter as 8 U.S.C. § 1252.

[3] Although portions of the Immigration and Nationality Act, such as 8 U.S.C. §§ 1255(a) and 1154(a)(1)(A)(iii)(I), (a)(1)(J), (b) mention the Attorney General rather than the Secretary for Homeland Security, these references "are deemed to be references to the DHS and USCIS" because "Congress has transferred the adjudications of the former Immigration and Naturalization Service to the Secretary of Homeland Security and his delegate at the USCIS." *Kanapuram v. Dir., USCIS*, 131 F.4th 1302, 1307 n.3 (11th Cir. 2025).

applications, within the bounds set by statute." *Kanapuram v. Dir., USCIS*, 131 F.4th 1302, 1307 (11th Cir. 2025).

Section 1255(a)'s grant of discretion extends even to "actions taken in the course of the decision-making process—including the pace at which that process is undertaken." *Id.* Thus, § 1252(a)(2)(B)(ii) "precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Id.* at 1306; *see also Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1214 (M.D. Fla. 2007) (concluding § 1252(a)(2)(B)(ii) barred judicial review of the pace at which USCIS processes a Form I-485 petition); *Shojaeighadikolaei v. Dir., USCIS*, No. 6:25-CV-1535-JSS-DCI, 2026 WL 1529402, at *3 (M.D. Fla. June 1, 2026) (same). I lack subject matter jurisdiction over Nagy's claim seeking to compel adjudication of her Form I-485 petition.

Nagy responds to the defendants' motion, which cited the same binding case law found in this order, by arguing that, nonetheless, the APA authorizes me to compel the defendants to adjudicate her petition and that § 1252(a)(2)(B)(ii) does not eliminate review here. *See* Resp. 3–4. In the face of binding Eleventh Circuit case law, Nagy's contentions are baseless.

### B. Form I-360

The defendants contend that while the decision to ultimately approve or deny a VAWA self-petition, or Form I-360 petition, "is not technically

6

discretionary," the defendants have " 'the sole discretion' to determine whether [Nagy] is eligible for one." MTD at 15 (citing VAWA Petition Policy at Ch. 5(D)(1)). The defendants assert that they have discretion over the pace of the adjudication of the I-360 petition because they must investigate the claims in the petition before they can render a decision, and they have sole discretion to determine what evidence is credible and the weight to be given that evidence. *See id.* at 15–17. Thus, § 1252(a)(2)(B)(ii) precludes judicial review of the pace of the I-360 petition process. *See id.* at 17–18. I agree.

"The alien spouse of an abusive United States citizen may self-petition for classification as an immediate relative or a preference immigrant by filing a Form I-360." *Rojas v. Sec'y, Dep't of Homeland Sec.*, 675 F. App'x 950, 953 (11th Cir. 2017) (per curiam). In part, the petitioner must demonstrate that "during the marriage . . . the alien . . . has been battered or has been the subject of extreme cruelty perpetrated by the alien's spouse." 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(bb). Then, "[a]fter" the Secretary "investigat[es] . . . the facts in each case," "he shall . . . approve the petition" "if he determines that the facts stated in the petition are true" and that the petitioner "is an immediate relative specified in section 1151(b)." *Id.* § 1154(b); *see also id.* § 1151(b)(2)(A)(i) (including "spouses . . . of a citizen of the United States" as "immediate relatives"). Further, "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole

discretion of the [Secretary]." *Id.* § 1154(a)(1)(J). There is no mandated time within which USCIS must complete its investigation of an I-360 petition.

In sum, "the Secretary has discretion in his 'investigation of the facts.'" *Mokone v. USCIS*, No. 4:25-CV-00566-SRC, 2026 WL 850521, at *3 (E.D. Mo. Mar. 27, 2026) (quoting 8 U.S.C. § 1154(b)). "The Secretary must make subjective determinations such as what the bar is for a petitioner to demonstrate battery or extreme cruelty, what counts as extreme cruelty, and what weight to give evidence submitted by the petitioner." *Id.* The defendants argue, and I agree, that this discretion extends to the pace at which such determinations are made. *See* MTD at 17–18; *Mokone*, 2026 WL 850521, at *4 (determining that the pace of USCIS's investigation of I-360 petitions is discretionary); *see also Eldeeb*, 619 F. Supp. 2d at 1205 (finding that, in the I-485 context, while USCIS may have a non-discretionary duty to adjudicate such petitions, the pace is discretionary); *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1255–56 (S.D. Fla. 2022) (concluding that USCIS has discretion as to the pace at which it processes Form I-130 petitions because there is no prescribed timeframe within which such petitions must be adjudicated). To compel the defendants to promptly adjudicate Nagy's Form I-360 petition would ultimately intrude on the Secretary's discretion to determine if the facts in the petition are true and whether the evidence provided is credible and of sufficient weight. Thus, § 1252(a)(2)(B)(ii) precludes review of Nagy's APA claim that the

defendants have unreasonably delayed in adjudicating her Form I-360 petition. *See Mokone*, 2026 WL 850521, at \*4 (concluding the same).

Nagy provides no reason to doubt this conclusion. Ignoring 5 U.S.C. § 701(a) and the bulk of the defendants' arguments, Nagy cursorily argues that the APA allows review of the defendants' purported inaction. Resp. at 3–4. She also contends that, while "certain evidentiary assessments within [the I-360] process involve discretion, that does not mean the agency may decline to complete the process within a reasonable time." *Id*. at 5. She does not meaningfully engage with any authority cited by the defendants or provide contrary authority of her own in support.

## IV.  CONCLUSION

I lack subject matter jurisdiction over Nagy's claim that the defendants have unreasonably delayed in adjudicating her Form I-485 and Form I-360 petitions. Accordingly, the following is **ORDERED**:

1. The defendants' motion to dismiss (Doc. 13) is **GRANTED**.

2. This action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

3. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."

4. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

10